QUESTION: May a county sheriff's department assign department vehicles to department personnel on a permanent basis for use both on and off duty?
SUMMARY: A sheriff may assign sheriff's department vehicles to his personnel on a permanent basis for use both on and off duty if it is done pursuant to rules and regulations that ensure that the program will serve a valid public purpose and that such rules and regulations are, in fact, complied with. Your question is answered in the affirmative subject to the following qualifications. "The office of sheriff is a constitutional office in Florida (Art.VIII, s. 6, Fla. Const.), and it is declared legislative policy to preserve the independence of sheriffs, as constitutional officials, concerning the purchase of supplies and equipment and the selection, employment, discharge, and compensation of personnel. (Fla. Stat. 30.53)." [See] 29A Fla. Jur. Sheriffs s. 15. The direct responsibility given the sheriff for the purchase of supplies and equipment also embodies the responsibility for the use of that equipment. The basic issue relative to that responsibility has been stated in AGO 074-295, as follows: "Since public funds may be spent only for a public purpose, municipal property may be used only for a public purpose." Although that opinion dealt with municipalities, and the question herein relates to property under the control of a sheriff, the issue is the same. In that instance I concluded that "city employees may not use city-owned automobiles for their personal business or pleasure." However, I went on to state, "[t]here may, of course, be situations in which the use of a city automobile would personally benefit a city employee incidentally, while the overall purpose served by that use would be primarily a public one." Again the same considerations would apply to sheriff's department personnel as apply to persons working for a city. I cited as an example in that opinion that "if a city employee must be `on call' or duty, at all times while at home, it would seem to be a valid public purpose to provide this person with a city automobile to respond to emergencies . . ." I said that the driving of the automobile to and from work by the employee would be a personal benefit incidental to the public purpose and, therefore, proper. However, I restricted the use to that of driving to and from work. It is obvious from my response in the above-cited opinion that each situation wherein a governmental body seeks to allow private use of public property must be examined separately and the justification for such use should be determined by the individual factual situation. In your question you have presented a situation in which you would assign law enforcement vehicles to individual officers on a permanent basis for use both on and off duty. You would do so under specific guidelines set forth in a general order issued by you in which you state that two of the objectives of this program would be to: "D. Provide quicker response time to certain types of calls and therefore increase the opportunity to apprehend the criminal." and "G. Provide quicker response of off duty personnel when called back to duty because of an emergency." In my opinion, if the vehicles are used to fulfill the above-stated objectives their use would be a direct benefit to the public and any personal use of the vehicle by an officer would be an incidental benefit. However, my determination that the program (if actually implemented according to the guidelines) would serve a valid public purpose, is not based solely on the specific portions of your general order which are set out in this opinion. The complete content of the order including such things as regulations requiring that "radio contact be maintained at all times to insure availability for response to any emergency . . ." and stating that the "vehicles may not be used outside the jurisdictional limits of Orange County without express permission of the Bureau Commander," as well as other parts of the order, also formed the basis of my determination. Finally, I must stress that it is not the fact that the objectives are stated that is important in determining whether the activity serves a valid public purpose. The most important thing is whether or not the objectives are actually fulfilled by the use of the vehicles in that particular manner. Therefore, it would be incumbent upon anyone using such a program to keep such data and information as is necessary to be able to show specifically how the program is meeting the objectives which make the program one which serves a valid public purpose. Also, frequent periodic reviews of the total program should be conducted to make sure the program serves that valid public purpose on a continuing basis.